## DAMAGES TO PROPERTY ON ACCOUNT OF A STREET IMPROVEMENT.

Common Pleas Court of Hamilton County.

PHILLIPINA SCHRAM V. CITY OF CINCINNATI.

Decided, February, 1913.

*Municipal Corporations—Street Improvements—Recovery by Abutting Owners for Injury to Property—Construction of Requirement as to Filing of Claim—Dismissal Without Prejudice—Sections* 11586, 3823 *and* 3814.

1. A motion to dismiss a cause without prejudice is within time, if made after the court has intimated that he is disposed to grant the motion of the defendant for an instructed verdict, but before the motion to instruct had been actually granted or a decision announced.

2. An abutting owner is not barred from asserting a claim for damages on account of a street improvement by reason of failure to file a claim within two weeks after service of notice of the proposed improvement, where it appears that there was no service of notice upon him either personally or by publication.

3. Moreover, under the rule of strict construction in favor of an owner seeking to recover for an injury to his property, a claim for dam-

ages need not be filed unless the improvement is one, the cost whereof, or a part thereof, is to assessed upon the abutting property.

*Charles H. Jones*, for plaintiff.
*Oliver S. Bryant*, Assistant City Solicitor, contra.

GORMAN, J.

Heard on motion of defendant for a new trial and judgment.

Without setting out the facts or the substance of defendant's motions, the court will state its conclusion on each of the points raised by the defendant's motions:

1. The motion of the defendant to set aside the entry or order permitting plaintiff to dismiss her second cause of action is overruled. The court is of the opinion that at the time leave was given plaintiff to dismiss her second cause of action without prejudice, the cause of action therein set out had not been finally submitted to the court, and under Section 11586, General Code, the plaintiff could dismiss as a matter of right. The difference between the case at bar and the case of *Turner* v. *Pope Motor Car Company*, 79 O. S., 153, cited by counsel for defendant, is this: In this case cited the motion had been made to arrest the case from the jury and instruct the jury to return a verdict for the defendant, and the court had granted the motion and so announced his decision as shown by the record. Thereafter, on the next day the court refused to allow plaintiff to dismiss without prejudice; in the case at bar the court merely indicated that he was disposed to grant the motion to instruct a verdict for defendant but had not actually granted the motions or announced his decision granting it; thereupon plaintiff's counsel asked leave to dismiss without prejudice and it was granted. The motion was still being argued *pro* and *con* to the court when this was done.

2. The motion for a judgment in favor of defendant, on the ground that the plaintiff is barred by reason of her failure to file the claim provided for in Section 3823, General Code, within two weeks after the service of the notice or the completion of the publication, etc., must be overruled because there was no proof that she was ever served with notice, or that there had been a

publication, and surely she was not required to file a claim unless notice was served on her or a publication made. True, if it had been admitted or shown that notice of the proposed improvement had been served on her or publication made as required by law, then it might have been encumbent upon her to show that she filed a written claim in order to maintain her action, although the court has doubts as to the correctness of this contention. In any aspect of the case she would not be required to file this written claim if she had not received notice of the improvement, either personally or at her residence, or constructive notice by publication of the resolution to improve.

Furthermore, the court is of the opinion that statutes such as Section 3823, General Code, which undertake to bar a claimant of his right to recovery for an injury to his property, being in derogation of the common law, are to be strictly construed in favor of the property owner. *City of Cincinnati* v. *Sherike,* 47 O. S., 217.

Furthermore, the statute, Section 3911, General Code, provides that the proceedings with respect to improvements shall be strictly construed in favor of the owner of property * * * injured as to * * * compensation for damages sustained.

Applying this rule of strict construction, the court is of the opinion that a claim for damages need not be filed unless the improvement is one, the cost whereof, or a part thereof, is to be assessed upon the abutting property; and it is shown and admitted that the improvement of Elberon avenue, in front of plaintiff's property, for the making of which damages are claimed in this action, was not to be assessed in whole or in part. The statute requiring the written claim to be filed, Section 3823, General Code, is a part of Chapter 5, Title XII, and Section 3814, General Code, of this chapter, indicates that the improvements therein provided for are those wherein the whole cost or a part thereof is to be paid for by special assessments; and Section 3823, being a part of the enactment (97 O. L., 121-122) as well as Section 3814, it would appear to be reasonable that the improvements proposed to be made, which the owner claims will injure her and which requires a claim for damages to be filed,

are improvements the whole or a part of which are to be paid for by a special assessment.

This appears to be the view entertained by the learned judge who decided the case of *East End B. & T. Company* v. *Cleveland et al,* 1 N.P. (N.S.), 493—read on page 496.  This judgment and decision were affirmed by the Circuit Court of Cuyahoga County, and I am thoroughly in accord with the reasoning of the trial court in that case.

Therefore, the claim of the defendant that the plaintiff was barred must be denied.

3.   As to the amount of the damages, the court is of the opinion that there was evidence sufficient on the amount of the damages sustained by the plaintiff to warrant the jury in returning a verdict for the amount found—four hundred and seventy-five ($475) dollars.  The jury had a right to consider the character of the improvements, as well as the testimony of the witnesses as to their value, also the effect upon their value by rendering them less acessible by reason of the improvement—the cutting down of the street.

The court is not disposed to disturb the verdict on the ground that the damages are excessive.

A new trial will be refused and a judgment will be entered upon the verdict.